THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 2:16CR403 DS |
| | ) | |
| vs. | ) | MEMORANDUM DECISION |
| | ) | AND ORDER |
| KEMP & ASSOCIATES, INC. AND DANIEL J. MANNIX | ) | |
| | ) | |
| Defendants. | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## I. INTRODUCTION

The Defendants in this case, Kemp & Associates, Inc. and its vice-president and part owner Daniel J. Mannix, were indicted on August 17, 2016 on a single-count conspiracy to violate the Sherman Act, 15 U.S.C. § 1, by engaging in customer allocation pursuant to a detailed, written agreement that was not concealed and that terminated in 2008. The agreement at issue is a set of guidelines which governed the joint activity between Defendants and Blake and Blake ("the Guidelines"). Defendants filed a Motion for Order that the Case be Subject to the Rule of Reason and to Dismiss the Indictment on March 31, 2017. The parties appeared before the Court on June 21, 2017 for oral arguments on Defendants' Motion for Order that the Case be Subject to the Rule of Reason and to Dismiss the Indictment. The Court found that the rule of reason governs this case and directed the Defendants to file a proposed order in accordance with the Court's ruling. The Court did not rule on the statute of limitations issue.

The defendants submitted a proposed order for the Court's signature on June 30, 2017. The government filed a Motion to Reconsider Oral Ruling, Objection to Defendants' Proposed Order and Request for a Ruling On Defendants' Motion to Dismiss on July 14, 2017 alleging that the Court's holding applying the rule of reason to the charged agreement is clear error. Both parties are also requesting that the Court rule on the statute of limitations issue which Defendants raised in their Motion.

## II. ANALYSIS

### A. Reconsideration

The government is requesting that the Court reconsider its ruling made after oral argument on June 21, 2017. Because the government offers no facts or law which would suggest to the court that its earlier decision was erroneous, the motion to reconsider is denied and the Court affirms its ruling based on reasoning given at the hearing on June 21st and in its ORDER ON DEFENSE MOTION REGARDING APPLICATION OF RULE OF REASON.

### B. Statute of Limitations

Both parties are requesting that the Court issue a ruling on the statute of limitations issue raised in Defendants' Motion to Dismiss dated March 31, 2017. Defendants are asking that the Court dismiss the Indictment because it is time-barred. Statutes of limitation provide protections to a defendant's right to a fair trial as over time it becomes difficult or impossible for defendants and prosecutors to present a complete and fair trial when evidence may become available or recollections fail. Additionally, limitations exist to ensure the government does not unreasonably delay in bringing a case.

"[T]he applicable statute of limitation…is…the primary guarantee against bringing overly stale criminal charges." *United States v. Marion,* 404 U.S. 307, 322 (1971) (citing *United States v. Ewell,* 383 U.S. 116, 122 (1966)). "Such statutes represent legislative assessments of relative interests of the State and the defendant in administering and receiving justice; they 'are made for the repose of society and the protection of those who may (during the limitation) . . . have lost their means of defence.'" *Id.* (citing *Pub. Schs v. Walker*, 76 U.S. 282, 288 (1870)). Given the fundamental protections they provide, "criminal statutes of limitation are to be 'liberally interpreted in favor of repose.'" *United States v. Habig*, 390 U.S. 222, 227 (1968) (quoting *United States v. Scharton*, 285 U.S. 518, 522 (1932)).

The Indictment in this case alleges a single conspiracy to violate Section One of the Sherman Act in that the Defendants entered into a conspiracy with Richard A. Blake Jr. and others "to suppress and eliminate competition by agreeing to allocate customers of the Heir Location Services sold in the United States." Indictment ¶ 9. The Indictment makes plain that the conspiracy charged is the allocation of customers between two competitors, Kemp & Associates and Blake & Blake and states that "the substantial terms of [the conspiracy] were to allocate customers of Heir Location Services sold in the United States." Indictment ¶ 10.

The limitations period for a conspiracy to violate the antitrust laws is five years. 18 U.S.C. § 3282(a). The Guidelines agreement between Kemp & Associates and Blake and Blake ended in July 2008. After that time, no additional estates became subject to the Guidelines and there was no further allegedly wrongful allocation of customers. Thus, the alleged conduct in furtherance of the criminal purpose of the conspiracy ended more than eight years before the filing of the Indictment in this case.

As to whether the statute of limitations bars prosecution in this case, "the crucial question . . . is the scope of the conspiratorial agreement, for it is that which determines both the duration of the conspiracy, and whether the act relied on as an overt act may properly be regarded as in furtherance of the conspiracy." *Grunewald v. United States*, 353 U.S. 391, 397 (1957). The Court is bound by the language of the Indictment when determining the scope of the alleged conspiracy. *See United States v. Qayyum*, 451 F.3d 1214, 1218-19 (10th Cir. 2006). The scope of the alleged conspiracy as defined in the indictment is "to suppress and eliminate competition by agreeing to allocate customers of Heir Location Services sold in the United States." It then follows that any conspiratorial agreement ceased to exist once the allocation of customers through the Guidelines ceased. Once the firms agreed to end the Guidelines, only routine, administrative consequences of a concluded allocation agreement remained, and nothing more was done with respect to that estate that served the purpose of "suppressing" or "eliminating" competition between the two.

In regard to a conspiracy to violate the Sherman Act, it exists only for so long as its members continue to commit acts in furtherance of the agreement that tend to suppress or restrain competition. *United States v. Inryco*, 642 F.2d 290, 293 (9th Cir. 1981) ("While a Sherman Act conspiracy is technically ripe when the agreement to restrain competition is formed, it remains actionable until its purpose has been achieved or abandoned and the statute of limitations does not run so long as the co-conspirators engage in overt acts designed to accomplish its objectives."). Here, the purpose of the alleged conspiracy had been abandoned in July 2008 when the Guidelines were terminated and all that remained were administrative issues related to resolving the estates and payments resulting therefrom.

4

The government argues that another object of the conspiracy was economic enrichment and that the receipt or distribution of any proceeds from the administration of estates that were subject to the Guidelines, represents conduct in furtherance of the conspiracy and makes the charge timely.  However, this theory confuses the results of a conspiracy with actual conduct in furtherance of it.  A conspiracy's statute of limitations should not be extended 'indefinitely beyond the period when the unique threats to society posed by a conspiracy are present." *United States v. Doherty*, 867 F.2d 47, 62 (1st Cir. 1989).  Here the "unique threat" identified in the indictment is the alleged customer allocation underlying the only charge in the case and that threat ended with the termination of the Guidelines in July 2008.  Therefore, this case can be distinguished from cases cited by the government such as *United States v. Morgan*, 748 F.3d 1024 (10th Cir. 2014) and *United States v. Evans & Associates Construction Co.*, 839 F.2d 656 (10th Cir. 1988).

In *Evans*, the "Sherman Act violation was 'accomplished both by the submission of noncompetititve bids and by the request for and receipt of payments at anti-competitive levels.'" *Id*. at 661. The *Morgan* case was a kidnapping and robbery case where the evidence showed that "the central purpose of [the] kidnapping and robbing [] was to obtain money and divide it among the co-conspirators," and statements regarding the distribution of proceeds "were made in the course of and in furtherance of the conspiracy."  748 F.3d at 1036-37. These cases are distinguishable in that the evidence in *Evans* and *Morgan* shows that the central purpose of the conspiracy was to obtain wrongful proceeds or money.

While the Indictment here mentions the payment of proceeds, Ind. ¶¶ 11 (h), (i), the central purpose of the conspiracy charged was not "economic enrichment."  Administering

5

estates bore no relation to customer allocation - the threat claimed to be the purpose of the conspiracy.  Additionally, the government has identified 269 allegedly affected estates, the administration of which consisted of a series of ordinary, non-criminal events that could last many years.  In contrast, *Evans* involved the bid for one contract which was bid, granted, completed and fully paid within the two years.  *See Evans,* 839 F.2d at 657, 660-61.

The alleged conspiracy here was to allocate heirs, and the Guidelines were terminated by Mannix in July 2008.  After termination of the Guidelines, certain administration work, including the recovery of monies for heirs and the payment of the firms themselves, continued into the five-year period prior to the Indictment.  Because of the length of time it may take to complete full administration of an estate, the theory that this extends the conspiracy into the statute of limitations period would create a significant arbitrariness regarding the length of the limitations period.  This period could change based on factors unique to each estate such as number of heirs, the jurisdiction of the estate, the speed the lawyers handle the matter, and others.  This arbitrariness is not consistent with the very reasons limitations periods exist in criminal cases.  Therefore, this court finds that the conspiracy ended with the termination of the Guidelines in July 2008 and the case is dismissed.

## III.  CONCLUSION

For the foregoing reasons Defendants Motion for Order that the Case be Subject to the Rule of Reason and to Dismiss the Indictment is granted and the case is dismissed as barred by the statute of limitations.

SO ORDERED.

DATED this   28th   day of   August  , 2017  .

BY THE COURT:

*David Sam*

_____

DAVID SAM
SENIOR JUDGE
U.S. DISTRICT COURT